IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RAUL WATERS MOLINAR                                                                PLAINTIFF

VS.                                                   CIVIL ACTION NO. 4:11cv126-CWR-LRA

DR. GURDIAL SANDHU                                                             DEFENDANT

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Raul Waters Molinar ["Plaintiff" or "Molinar"], *pro se,* appeared before the undersigned United States Magistrate Judge on the 5th day of November, 2013, for a hearing conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. Plaintiff is housed at the Mississippi State Penitentiary at Parchman, Mississippi, and he appeared before the Court through videoconference.

Plaintiff has sued a physician who examined him only one time, Dr. Gurdial Sandhu. Service of process has been delayed because Molinar had difficulty obtaining the full name of Dr. Sandhu and an address where Dr. Sandhu could be served with process. Dr. Sandhu has not been served with process and has not entered an appearance in this cause.

Plaintiff was granted *in forma pauperis* status by this Court by that Order entered September 14, 2011 [9]. A district court may dismiss an IFP complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir.

1994). The purpose of a *Spears* hearing is to "bring into focus the factual and legal bases of prisoners' claims." *Id.* at 9 (quoting *Spears,* 766 F.2d at 181). The undersigned conducted the hearing in order to allow Molinar an opportunity to fully explain his claims.

Molinar was incarcerated as a convicted felon in the custody of the Mississippi Department of Corrections ["MDOC"] at the Central Mississippi Correctional Facility ["CMCF"] in December 2012. He had just been convicted and was being processed by MDOC at Quickbed 720. He was examined by Defendant Dr. Sandhu as a part of the MDOC processing. Molinar sets forth his claim in the Complaint [1, p. 4] as follows:

> When I was processed at M.D.O.C. in Quick Bed at Rankin County they asked me if I was sad or depressed. Of course I am, it's normal because I'm in prison and left 2 kids at home. Their mother died and I'm a widow, she made appt. with Dr. Sandhu and he asked the same Q and also asked if I was hearing voices and am I sleeping well? I told him I'm deaf in one ear and when a person is in the same room with 115 people I thought I heard my name called sometimes. It's also hard to sleep with that many people in the same room. Then they put me on psych meds and classified me as a psychiatric patient without any further test and was sent to EMCF. This happened in just a few moments of talking.
>
> I ask that Dr. Sandu pay the some of $1,000,000, one million dollars for sending me to a psychiatric facility EMCF and for putting me in a very dangerous environment. Also for harming me with psych medication, nobody did further testing.

Molinar explained his claims against the physician further at the hearing. He testified that about the time of his arrest and conviction, his wife had died and he was leaving his two children due to his incarceration. He was depressed due to these circumstances. He was treated and/or examined by Dr. Sandhu during his period of evaluation and screening at CMCF as a part of being processed by the Mississippi Department of Corrections. Dr.

Sandhu asked him if he had been hearing voices, and he told him no--- just all the voices of the other inmates. Dr. Sandhu asked him if he had been having trouble sleeping, and Molinar told him that he did have trouble sleeping with 100 + other inmates around. Molinar testified that Dr. Sandhu told him he would give him some medication to help him sleep; he also prescribed some kind of psychiatric medication.

Molinar stayed at CMCF about 30 days and was then transferred to East Mississippi Correctional Facility [EMCF]. According to Molinar, he was transferred to EMCF because it was a psychiatric facility and because of the medications he was taking; he blames Dr. Sandhu for the fact that he was housed at EMCF. Molinar testified that the conditions at EMCF were terrible, and he saw what the medications he took did to other inmates. He took the medications for about two - three months and then requested to be taken off the drugs. He had to "sign papers" to be taken off the medications, but EMCF did stop them. Nothing happened to him while he was on the medications, but being in EMCF was dangerous. He complained and asked to be transferred. As a result of his request, he was moved after six or seven months to another MDOC facility, Delta Correctional Facility. He was examined by a doctor there and told that nothing was wrong with him. He is now housed at Parchman.

Plaintiff does not know remember the names of the medications which were prescribed by Dr. Sandhu. He charges that Dr. Sandhu only talked to him for ten minutes or so before writing him the prescription; according to Plaintiff, Dr. Sandhu should not have put him on those medications without more testing. Plaintiff blames Dr. Sandhu for his classification and his ultimate placement at EMCF.

In the undersigned's opinion, Molinar simply disagrees with Dr. Sandhu's medical decision to prescribe him certain sleeping and psychiatric medications; he has stated facts which would only establish a claim of negligence or medical malpractice against Dr. Sandhu, at most.

42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 414 U.S. 344 (1986). The Eighth Amendment does prohibit conduct which evinces deliberate indifference to a serious medical need by its ban on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). But Molinar never charges that Dr. Sandhu acted with "deliberate indifference" toward him or that he prescribed the medications due to malice or ill will against him. His testimony confirms that he simply believed Dr. Sandhu was negligent and committed medical malpractice in his case--- by prescribing the medications without further testing. Under these circumstances, Molinar's claims do not rise to the level of a constitutional violation.

In *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), the Court of Appeals for the Fifth Circuit summarized the case law regarding the standard of "deliberate indifference" to the medical concerns of prisoners in part as follows:

> ... A prison official acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it." Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional

4

> circumstances. "Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" "Deliberate indifference 'is an extremely high standard to meet.'"

463 F.3d at 346 (citations and footnotes omitted).

The Fifth Circuit Court of Appeals has clearly stated that *negligent medical care does not constitute a valid section 1983 claim*. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). Case law in the Fifth Circuit also confirms that a prisoner is not entitled to his *choice* of treatments. *Gobert*, 463 F.3d at 346; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). The fact that a plaintiff was not satisfied with his care does not confirm that his constitutional rights were violated.

This Court cannot interfere with medical personnel's diagnoses or judgment or with the decisions they make relating to the appropriate treatment given an inmate. To prove deliberate indifference, Molinar must allege that this Defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert*, 463 F.3d at 346. Molinar's own testimony and allegations rebut any showing of intentional mistreatment; his complaints were addressed, not ignored, and there was no "refusal" to treat. Molinar simply was not happy with the medications prescribed, and the fact that no further testing was done during his screening process.

"The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a] prisoner's disagreement with his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement. *Estelle*, 429 U.S. at 107; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Molinar has not articulated any exceptional circumstances.

In this case, Molinar testified that he was only examined by Dr. Sandhu during his processing at CMCF. Although he blames Dr. Sandhu for the fact that he was initially housed at EMCF, neither his classification or his housing assignments were the sole responsibility of this physician. Dr. Sandhu had nothing to do with the conditions of confinement at EMCF and cannot be found to be legally responsible for any actions taken or not taken at EMCF. Plaintiff does not charge Dr. Sandhu with any kind of malice or ill will when the prescription was written--- he simply does not believe Dr. Sandhu made a good medical judgment. The medication was discontinued after two - three months at Plaintiff's request. He testified that he was not harmed by having taken it for this period of time. Under these circumstances, no constitutional violation has been stated.

The undersigned, having carefully considered the complaint, as augmented by the sworn testimony of Plaintiff at the hearing, as well as the applicable law, finds that Molinar's claims are insufficient in law to state a cause of action under §1983. Under the case of *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), as modified by *Neitzke v. Williams*, 490 U.S. 319 (1989) and *Denton v. Hernandez*, 504 U.S. 25 (1992), the claims of the Plaintiff must have an arguable basis in law or fact; otherwise, dismissal under 28 U.S.C. § 1915 is appropriate.

Molinar's claims have no basis either in law or in fact and, therefore, are frivolous[1] and fail to state a claim on which relief may be granted. For these reasons, the recommendation is that this action should be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(I) and(ii). Final Judgment in favor of Defendant Dr. Sandhu should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 26th day of November, 2013.


_____S/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE

---

[1] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).